**Adonna FROMETA, Plaintiff–Appellant,**

v.

**Mario E. DIAZ–DIAZ, All American Haulers Recycling, Defendants–Appellees.**

No. 08–5203–cv.

United States Court of Appeals, Second Circuit.

Oct. 6, 2009.

Slawek W. Platta, New York, NY, Souren A. Israelyan, Of Counsel, for Appellant.

---

Wilson Elser Moskowitz, New York, NY, Richard E. Lerner, Michael W. Coffey, Of Counsel, for Appellees.

PRESENT: DENNIS JACOBS, Chief Judge, and ROBERT D. SACK and GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Adonna Frometa appeals from a September 23, 2008 judgment of the United States District Court for the Southern District of New York (Baer, *J.* ). Following a jury trial on Frometa's negligence claim, judgment was entered for defendants. We assume the parties' familiarity with the underlying facts and the procedural history.

On appeal, Frometa raises two issues. *One,* she argues that the evidence was such that no reasonable jury could have failed to find her injuries were proximately caused by defendants' actions, and that she is therefore entitled to a new trial pursuant to Rule 50(b) of the Federal Rules of Civil Procedure. *Two,* she argues that misconduct by defense counsel during trial, viz. prejudicial references to plaintiff's counsel, misstatements of the law, expressions of personal opinion, and improper allusions to matters not admitted into evidence, entitle her to a new trial.

We have considered all of Frometa's arguments and conclude that they are without merit. In light of evidence impugning Frometa's credibility and suggesting other possible causes of her injuries, there is ample support for the jury's verdict that the accident at issue was not the proximate cause of Frometa's injuries. Moreover, in the absence of contemporaneous objection, we review Frometa's demand for a new trial based on the problematical references to plaintiff's counsel

by the defense during summation, and on other grounds, for plain error; and we find none "so serious and flagrant" as to impugn "the very integrity of the trial." *Greenway v. Buffalo Hilton Hotel,* 143 F.3d 47, 51 (2d Cir.1998) (quoting *Pescatore v. Pan Am. World Airways, Inc.,* 97 F.3d 1, 18 (2d Cir.1996)).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**